FreemAN, J.,
delivered the opinion of the Court.
This is a bill filed as a bill of revivor, or a bill in the nature of a bill of revivor, on the' following state of facts substantially:
On the 19th of July, 1838, one Eobt. Wilson died in Henderson county, leaving his wife, now Mrs. Ker-nodle, and one daughter, Amanda, surviving him. In 1841 Mrs. Wilson intermarried with her present husband, Kernodle. At the time of his death Wilson was owner (as far as such property could be owned at that time) of an occupant claim for two hundred acres of land in McNairy county, Tennessee. Mrs. Wilson, while a widow, transferred to G. W. Wilson about thirty acres of the land, and Bradford, the administrator of Kobt. Wilson, transferred to another party fifteen acres of said occupancy, and it seems these parties obtained grants for the portion thus assigned to them.
Sometime after the death of Kobt. Wilson, one Maclin Cross was appointed guardian of Amanda, the daughter, and in 1841 the widow intermarried with *433 Kernodle, the complainant with her in the present bill. After this marriage, it may be inferred, though not so stated with distinctness in the bill, the mother and Cross assigned and transferred the entire interest of the daughter, as heir of her father, to Kernodle, the husband. The bill charges that in 1847 he avoided or abandoned this claim and entered the land for himself, and procured a grant for one hundred and fifty-six acres of the occupant claim, and continued to live on the land for seventeen years, as they say, in good faith, and made improvements on the same. In the meantime Amanda, the daughter, arrived of age in 1859, and on the same day married one Wm. C. Tatum, and soon after Tatum and wife filed a bill against Ker-nodle and wife, Cross, Wilson and others to set aside these fraudulently obtained titles to the land, and assert the right of Mrs. Tatum to the same. This claim was based on the fact that by the Act of 1841 the title was in the daughter, Amanda. In this bill the prayer of the complainants was to have the title of the two hundred acres decreed to them, for an account of rents and profits from the time Kernodle took possession of the land, and also that the dower interest in said land 'of the mother, Lucinda, be laid off and allotted to her, and for general relief, as appears from the present bill, as well as a copy of the original which is filed as an exhibit to this case. It is further stated in the present bill that this suit had been regularly brought to a hearing upon proof at February Term, 1860, when the Chancellor decreed the lands claimed by the present complainants, and the *434 other portions claimed by others, to the amount of one hundred and eighty-five acres to be Mrs. Tatum's, and vested the title accordingly, ordering an account for rents and profits, from' which decree against them the complainants, in this bill, appealed to this court, where this decree was affirmed with the modification that the value of the improvements allowed should not exceed the rents and profits, and a writ of possession issued, by which Tatum and wife were put in possession of this land, and Kernodle and wife turned out. It further appears from the bill that after this Mrs. Tatum died, her husband surviving her, and leaving one child, Robt. E. Tatum, her heir at law; that the death of Mrs. Tatum was suggested in court, and afterward administration was had on her estate; that in pursuance of the order of this court the account for rents and profits was taken by the clerk and master, and also of value of improvements, and the improvements were reported as equal to the rents and profits. This report being unexcepted to was confirmed. This was at December Term, 1860. This bill now charges that in the fall of 1861 the husband • died, and then goes on to say that complainant is still entitled to dower in the land as widow of Wilson, her former husband, and for an account of rents and profits.
The original papers, bill, answer, decrees, and proceedings in the original cause are alleged to have been burned or destroyed during the war. It is now suggested that the suit had been abated by the death of husband and wife, and the prayer is that the matters of the original suit be set up, and that the suit be *435 revived in the name of, and against tbe minor Robt. E. Tatum and restored to the same condition it was at death of Tatum and wife, and the dower interest of complainant set apart to her with an account of rents and profits from the time they were evicted from the land under the decree in the original case.
This bill is demurred to, and one ground stated is, that the matters have all been adjudicated and settled finally by the decrees in the Chancery Court and this court, and therefore complainants’ bill cannot be sustained. This is all the matter of demurrer which we need notice at present. It presents the question, when we look at the matter of the bill and its purpose as shown in its statements and prayer, whether a defendant to a bill, after the case has been determined, or at any stage of the case, on loss of the papers, in a case like the present, can file a bill to have the case revived, the lost papers set up, and prosecuted in this or any other form for his benefit. We know of no principle on which this can be done. The bill shows clearly that there has been no abatement of the former suit, though this conclusion of law is alleged in it, but that in fact the last decree confirming the report of the clerk and master as to rents, profits and improvements, was most certainly a final decree and ended the case. The decree of the Chancellor had settled the rights of the parties, and declared the title to the land in complainants to that bill, and also directed an account of rents and profits as incident to the other relief. ■ This court, on appeal has. affirmed that decree as to title, and only modified *436 the decree as to rents and improvements, the case being remanded to take the account, and a writ of possession ordered as to the land against these very complainants who now seek to be restored to possession of one-third of the land under and by virtue of the original proceeding. After rents and improvements had been ascertained, and writ of possession ordered, there was nothing more to he done in the case, and if the court in that case had then decreed the present complainant dower, it would have been a reversal of what had been decreed before, as it would have been compelled to restore possession of one-third of the land back to the defendants in that case. It is absurd to suppose that any such decree could have been made. The sum of the matter in this aspect of it is; that the ’ case was finally determined and ended by these decrees, and there is no case pending to be restored or revived, and should the court entertain the bill and order the case to stand as it did on death of Mrs. Tatum and her husband, it would simply stand as a case determined and ended, in which complainants, who were then defendants, had obtained no decree in their favor, but one against them. This settles the whole case; we need not examine other grounds on which we would perhaps reach the same conclusion.
It suffices to say we can see no right in complainants to compel a plaintiff to revive and prosecute a suit for their benefit, in order that they shall have an assumed right declared. The complainants in the original case, and their heir has the same right — could prosecute a suit pending at their option, or might dis *437 miss it or suffer it to abate, if they chose, and these parties stand in no condition to prevent it. In addition we must say that we have seldom seen a case that presents less to move a court of equity in its behalf, or more to repel it. Here are a mother and step-father, the latter of whom was guardian of the daughter, obtaining by fraud and violation of the duties of trust, as well as every moral obligation, the legal title to the land of this child, resisting by all possible means her recovery of the same, and now, after having been turned out of possession of the land, seeking again by reviving the same proceeding to be restored to it, and that upon a stale claim of thirty years which had been abandoned by them practically by obtaining a grant in the name of Kernodle, under an entry made by himself while he. was guardian. This claim does not commend itself to the sense of justice of this court, nor require that we shall strain rules of law in its favor.
The Chancellor’s decree is reversed and bill dismissed with costs of this and court below.